PS1-104                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3492
_____

TONINO SOLIMENE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A018-672-196)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2015
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 28, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Tonino Solimene petitions for review of the Board of

Immigration Appeals' ("BIA") final order of removal.  We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Solimene is a native and citizen of Italy who entered the United States as a lawful permanent resident in 1969. Thereafter, he became the owner of T&S Trucking Corporation ("T&S"), which delivered fuel to businesses throughout New York City. From 2000 through July 2007, Solimene headed a "skimming" scheme that involved T&S invoicing customers for full deliveries of heating oil but actually delivering a lesser amount. T&S then sold the skimmed heating oil to other customers at below-market prices in exchange for cash payments. Solimene used the payments for personal and business expenses.

In April 2010, Solimene pleaded guilty in the United States District Court for the Eastern District of New York to (1) embezzlement of interstate and foreign shipments of heating oil in violation of 18 U.S.C. § 659, and (2) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1). In June 2011, he was sentenced to 60 months' imprisonment on each count, to be served concurrently. Solimene was also fined $300,000 for the money laundering count and $250,000 for the embezzlement count. Then, in September 2011, the District Court issued a final forfeiture order, which stated that Solimene agreed to forfeit $7 million "as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1956 and/or as property traceable thereto, and/or as substitute assets." (A.R. 116.)

In 2013, the Department of Homeland Security initiated removal proceedings, charging that Solimene was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) on three

2

separate grounds. One of those grounds was having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(D). Under that provision, an offense for money laundering under 18 U.S.C. § 1956 constitutes an aggravated felony "if the amount of the funds exceeded $ 10,000." 8 U.S.C. § 1101(a)(43)(D). Solimene conceded that he had pleaded guilty to money laundering; however, he denied that his money laundering conviction was an aggravated felony, claiming that the Government could not prove that the amount laundered exceeded $10,000. In February 2014, the Immigration Judge ("IJ") ordered Solimene removed, concluding that the Government proved, by clear and convincing evidence, that his money laundering conviction was an aggravated felony.

Solimene appealed to the BIA, stating that the sole issue on appeal was whether the IJ erred in finding that the amount of funds laundered exceeded $10,000.[1] In July 2014, the BIA dismissed Solimene's appeal. To determine the "amount of the funds" involved in the underlying money laundering offense, the BIA used the "circumstance-specific" analysis pursuant to Nijhawan v. Holder, 557 U.S. 29 (2009). The BIA also determined that the "amount of the funds" referred to the amount of funds laundered in connection with the offense, not "victim loss." Relying on the indictment and the

---

[1] Although Solimene (through counsel) stated that this was the "sole issue" on appeal to the BIA, he also included in his opening brief an argument that his embezzlement conviction did not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). After the BIA rejected Solimene's argument concerning the $10,000 threshold for money laundering offenses, it stated that it was unnecessary to decide his remaining argument. Because we agree with the BIA that the money laundering conviction constitutes an aggravated felony for which Solimene is removable, we also need not consider his arguments concerning the other charges of removability.

3

forfeiture order, the BIA determined that there was no clear error in the IJ's determination that the amount of funds laundered by Solimene exceeded $10,000. The BIA then rejected Solimene's argument that the Government had failed to "establish a sufficient connection between his convicted conduct and the 'amount of the funds' referred to in the indictment and the order of forfeiture." (A.R. 5.) The BIA explained that Solimene

> was convicted after pleading guilty to both counts of a two-count indictment alleging that he and his fellow conspirators laundered the proceeds of unlawful heating oil sales valued at approximately $25,000,000. Furthermore, as a matter of law the sentencing court's $7,000,000 consent order of forfeiture could require [him] to forfeit only that property that was involved in, or traceable to, the transactions through which he violated 18 U.S.C. § 1956. Whatever the exact 'amount of the funds' laundered, it is a fair inference, sufficient to meet the clear and convincing evidence standard, that it plainly exceeded the $10,000 threshold . . . .

(Id. (citation omitted).)

Solimene filed a timely petition for review, which the Government opposes.

II.

We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). However, because the basis for Solimene's removal is his conviction for an aggravated felony, our jurisdiction is limited to reviewing colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). Whether a conviction constitutes an aggravated felony is a question of law that we review de novo. See Singh v. Att'y Gen., 677 F.3d 503, 508 (3d

4

Cir. 2012).

Here, despite Solimene's argument to the contrary, the BIA properly used the "circumstance-specific" approach rather than the "formal categorical approach" (the latter of which involves looking only to the elements of the offense) to determine whether his money laundering conviction constituted an aggravated felony. In Nijhawan, the Supreme Court considered 8 U.S.C. § 1101(a)(43)(M)(i), which defines "aggravated felony" as an offense that "involves fraud or deceit in which the loss to the victim . . . exceeds $ 10,000." The Supreme Court explained that, when considering whether a conviction qualified as an aggravated felony under subsection (M)(i), applying a categorical approach would render that provision nearly meaningless because there were few criminal fraud statutes that contained a monetary loss threshold as an element of the offense. See 557 U.S. at 39-40. As a result, the Court held that the agency and the courts should consider the specific circumstances of the alien's conviction to determine whether the crime involved a $10,000 loss to the victim. See id. at 40-42. Because the federal money laundering statute also lacks a monetary amount as an element of the crime, we see no reason to treat subsection (D) any differently than subsection (M)(i).[2] Accordingly, we find no error in the agency's decision to apply the "circumstance-specific" approach in this case.

Solimene asserts that, even if the agency properly used the "circumstance-

---

[2] Although subsection (D) does not contain the "in which" language contained in subsection (M)(i), we have previously noted that subsection (D) contains "analogous qualifying language." Nijhawan v. Att'y Gen., 523 F.3d 387, 391 & n.2 (3d Cir. 2008), aff'd, 557 U.S. 29 (2009).

specific" approach, it improperly determined that the Government proved by clear and convincing evidence that his money laundering conviction involved more than $10,000. See 8 U.S.C. § 1229a(c)(3)(A) (requiring clear and convincing evidence that alien is removable). We disagree. The forfeiture order, to which Solimene consented, stated that he would forfeit $7 million in property that "constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1956 and/or as property traceable thereto, and/or as substitute assets." (A.R. 116.) The phrase "traceable to" means that the property must have "*some* nexus to the property 'involved in' the money laundering offense." United States v. Voigt, 89 F.3d 1050, 1087 (3d Cir. 1996). For example, if a defendant

> receives $ 500,000 cash in a money laundering transaction and hides the cash in his house, the government may seize that money as property 'involved in' the money laundering offense. If the defendant purchased a $ 250,000 item with that money, the government may seek the remaining cash as 'involved in' the offense, whereas the item purchased is subject to forfeiture as property 'traceable to' property involved in the money laundering offense.

Id. Here, the forfeiture order allowed the Government to seize $7 million worth of property "traceable to" the money laundering offense. Under Voigt, that property (which included cash, watches, and real property) thus had a nexus to the laundered money. While the forfeiture order does not state that $7 million is the exact amount laundered, that order was sufficient to prove by clear and convincing evidence that the amount of funds laundered exceeded $10,000.

Accordingly, the agency did not err in concluding that Solimene had been convicted of an aggravated felony under § 1101(a)(43)(D) and, therefore, was

6

removable.[3]  In light of the above, we will deny Solimene's petition for review.  His request for appointment of counsel is denied.

---

[3] We have considered the remainder of Solimene's arguments concerning whether the Government met its burden of proof as to his removability, and conclude that they are meritless.